IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Wynona Mixon,<br><br>    Defendant. | CR 14-0631-TUC-JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to dismiss pursuant to Fed.R.Crim.P. 7(C)(1). (Doc. 145) The defendant, Wynona Mixon, states that parts of Counts 5, 6, and 7 fail to state all the elements of the offenses charged, in violation of Rule 7(C)(1). The defendant argues that the statements either are not material, are not false, or were not made by Ms. Mixon. She also moves to dismiss Count 5 because all statements in that count were made to her supervisor, Senior Case Manager Scott Pennington, who is an employee of the Bureau of Prisons, but not a federal investigator.

The government responds (Doc. 151) that the allegations in the superceding indictment are sufficient because each count identifies the agency that had jurisdiction, when the statement was made, to whom it was made and the substance of the statement. In regards to Count 5, the government explains that neither the statute nor the case law require that a knowing, material false statement regarding a matter within the jurisdiction of one of the

three branches of government be made to a federal agent.

A hearing was held on 5/5/15. Neither party called witnesses or presented evidence. The Court finds that Counts 5, 6, and 7 of the superceding indictment contain sufficient information to comply with Fed.R.Crim.P. 7(C)(1). The Court further finds that a material false statement need not be made to a federal investigator to constitute an offense. The motion to dismiss pursuant to Rule 7(C)(1) should be DENIED.

**Charges:**

The defendant was originally charged on 4/2/14 in a one count indictment with sexual abuse of an inmate occurring on 8/12/11, in violation of Title 18 United States Code §2243(b). (Doc. 1) On 2/4/15 she was charged in a superseding indictment with four counts of sexual abuse of an inmate (Counts 1-4), in violation of Title 18 United States Code §2243(b); three counts of knowingly and willfully making materially false statements in a matter within the jurisdiction of the Federal Bureau of Prisons (Counts 5-7), in violation of Title 18 United States Code § 1001; and three counts of knowingly falsifying written answers to interrogatories with the intent to impede, obstruct and influence an investigation and the administration of a matter within the jurisdiction of the Federal Bureau of Prisons and the FBI (Counts 8-10), in violation of 18 U.S.C. § 1519. (Doc. 93)

**DISCUSSION**:

The defendant argues that portions of Counts 5, 6, and 7 should be dismissed for failure to state all the elements of the offense. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *U.S. v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id*. "The indictment either states an offense or it doesn't." *Id*. The Court finds that Counts 5, 6, and 7, each state all of the elements required by 18 U.S.C. § 1001 and set forth the essential facts necessary to fairly inform the defendant of the charges against her.

This Court is not authorized to make a ruling on the defendant's argument that the statements alleged in the indictment are not material, not false, or were not made by the

1  defendant. Those matters must be reserved for the trier of fact. *See U.S. v. Nukida*, 8 F.3d
2  665 669-70 (9th Cir. 1993). "[A] defendant may not properly challenge an indictment,
3  sufficient on its face, on the ground that the allegations are not supported by adequate
4  evidence." *U.S. v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "A motion to dismiss the
5  indictment cannot be used as a device for a summary trial of the evidence. . . ." *Id*. While
6  a pretrial ruling might conserve judicial resources, the court is not authorized to address what
7  is essentially a Rule 29 motion for judgment of acquittal under the guise of Rules 7 and 12.
8  *See U.S. v. Nukida*, 8 F.3d at 670.

9  Defendant Mixon cites the Court to *U.S. v. Jiang*, 476 F.3d 1026 (9th Cir. 2007) for
10 the proposition that Count 5 should be dismissed in its entirety because Ms. Mixon is alleged
11 to have made a false statement to her supervisor, Scott Pennington, who is not a federal
12 agent. Nothing in *Jiang* or 18 U.S.C. § 1001 requires that the statement be made to a federal
13 agent. The law requires only that the government prove that the defendant knowingly and
14 willfully made a materially false statement regarding a matter within the jurisdiction of the
15 executive, legislative, or judicial branch of the United States government.

### *Conclusion*:

17 The Court finds that all subsections of Counts 5, 6, and 7 are legally sufficient. The
18 argument to dismiss Count 5 is not supported by the law. The Court lacks authority to
19 dismiss counts in the superceding indictment that require factual findings. Accordingly,
20 Defendant Mixon's motion should be DENIED.

### **RECOMMENDATION:**

22 In view of the foregoing, it is recommended that, after its independent review of the
23 record, the District Court **DENY** the motion to dismiss pursuant to Fed.R.Crim.P. 7(C)(1).
24 (Doc. 145).

25 Pursuant to 28 U.S.C. § 636(b)(1)(B), defense counsel may serve and file written
26 objections to these findings and recommendations with the District Court within 14 days.
27 Thereafter, the government has ten (10) days within which to file a response to the
28 objections. If objections are not timely filed, the party's right to de novo review may be

1 waived. No reply shall be filed unless leave is granted from the District Court.

2 The Clerk of the Court is directed to send a copy of this Report and Recommendation
3 to all parties.

4 DATED this 13th day of May, 2015.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge