1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 14-0631-TUC-JGZ (LAB) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Wynona Mixon, | ) | |
| Defendant. | ) | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to dismiss Counts 8 through 10 for lack of venue. (Doc. 150)  The defendant, Wynona Mixon, argues that her answers to a set of interrogatories were prepared by her attorneys in Washington, D.C. and mailed to a Bureau of Prisons (BOP) attorney in Atlanta, Georgia.  Therefore, pursuant to Rules 12(b)(2) and 18, F.R.Crim.P., venue is only proper in the U.S. District Court in Washington, D.C. or Atlanta, Georgia, where the offenses were committed.  The defendant invited the Court to examine the interrogatories but neither party provided them to the Court.

The government responds (Doc. 163) that Counts 8 through 10 allege that the defendant falsified documents under penalty of perjury on about 2/23/12 in the District of Arizona.  Venue is a question of fact to be determined at trial, and which the government must prove by a preponderance of the evidence.  It also argues that an offense may be

prosecuted in any district where the offense started, continued or was completed, pursuant to 18 U.S.C. § 3237, and the defendant answered and signed the interrogatories in Tucson, AZ.

A hearing was held on 5/5/15.  Neither party called witnesses or presented evidence. At the hearing, the defendant argued that her lawyer prepared the interrogatories in Washington, D.C. and that is when the crime occurred and was complete, not when the defendant signed the document.  Knowingly falsifying answers to interrogatories is not a continuing crime.  Pursuant to 18 U.S.C. § 1519, if the defendant's signature completed the crime she would have been charged with perjury.

The government argued that the interrogatories state that the defendant provided the answers.  She prepared her answers and signed the document in Arizona.  The attorneys are not witnesses or parties to the EEOC proceedings.  There is no declaration from the defendant that the answers submitted were not made by her.  The Grand Jury found venue and the government must prove venue at trial by a preponderance of the evidence.

The Court finds that the government having alleged that the offenses charged in Counts 8, 9, and 10 occurred in Arizona, the issue of venue is to be decided by the fact finder at trial.  The government must prove venue by a preponderance of the evidence.  A jury instruction to that effect is proper, if requested by the defendant.  The motion to dismiss Counts 8 through 10 for lack of venue should be DENIED.

**Charges:**

The defendant was originally charged on 4/2/14 in a one count indictment with sexual abuse of an inmate occurring on 8/12/11, in violation of Title 18 United States Code §2243(b). (Doc. 1)  On 2/4/15 she was charged in a superseding indictment with four counts of sexual abuse of an inmate (Counts 1-4), in violation of Title 18 United States Code §2243(b); three counts of knowingly and willfully making materially false statements in a matter within the jurisdiction of the Federal Bureau of Prisons (FBOP) (Counts 5-7), in violation of Title 18 United States Code § 1001; and three counts of knowingly falsifying written answers to interrogatories with the intent to impede, obstruct, and influence an

1    investigation and the administration of a matter within the jurisdiction of the Federal Bureau

2    of Prisons and the FBI (Counts 8-10), in violation of 18 U.S.C. § 1519.  (Doc. 93)

3    **DISCUSSION**:

4        Each of Counts 8, 9, and 10 of the superceding indictment charges the defendant with

5    falsifying an answer to an interrogatory that was submitted by Defendant Mixon in

6    connection with her EEOC claim.  Although no evidence was presented, the Court accepts

7    the facts as presented by the parties in the pleadings and during the hearing.  There is no

8    dispute that Ms. Mixon was in Arizona when she answered the interrogatories by providing

9    information to her attorneys in Washington, D.C.  Her attorneys prepared the answers for her

10   signature.  Once Ms. Mixon signed in Arizona, under penalty of perjury, she transmitted the

11   document to the Washington, D.C. attorneys who mailed the answers to the attorney for the

12   Bureau of Prisons in Atlanta, GA.

13       The defendant relies on *Travis v. U.S.*, 364 U.S. 631, 635 (1961) for the proposition

14   that the offense of making a false statement occurs where the false document is filed, not

15   where it was executed and mailed.  That case is distinguishable from the present case in that

16   the Supreme Court relied on the National Labor Relations Act to find that Congress explicitly

17   identified the *locus delicti* in Washington, D.C. where the statute demanded that the

18   affidavits had to be on file before the offense was complete and the Board had jurisdiction.

19       Title 18 U.S.C. § 3237(a) instructs that an offense that begins in one district and is

20   completed in another, or is committed in more than one district, may be prosecuted in any

21   district where the offense started, continued or was completed, unless Congress expressly

22   provides otherwise.  The exception supports the finding in *Travis* but does not apply to the

23   present case.  Title 18 U.S.C. § 1519 does not specify the *locus delicti*.

24       The laws regarding venue are concerned with assuring that a criminal jury trial is held

25   near the defendant's home and near where the crime was committed so prosecution can

26   proceed conveniently.  This is to "safeguard against the unfairness and hardship involved

27   when an accused is prosecuted in a remote place." *U.S. v. Cores*, 356 U.S. 405 (1958).  The

28   defendant has not complained that defending against Counts 8 through 10 in the District of

1  Arizona will impose any hardship on her.[1]

2    The crime of making a false statement is a continuing offense. *U.S. v. Angotti*, 105

3  F.3d 539, 542 (9th Cir. 1997). The defendant's acts in Arizona were not merely preparatory.

4  Her acts consisted of providing the answers to the interrogatories and signing the completed

5  documents under penalty of perjury. She then forwarded the signed interrogatories to her

6  attorneys, knowing that the documents would be submitted to the Bureau of Prisons attorney

7  in furtherance of her EEOC claim. Venue is proper in Arizona, Washington, D.C. and

8  Atlanta, GA, the places where the alleged offenses started, continued, and were completed.

9  The issue of venue may again be raised at trial.

10    ***Conclusion***:

11    The Court finds that ultimately venue is to be determined by the trier-of-fact at trial.

12  The government must prove venue by a preponderance of the evidence. There is sufficient

13  information for Counts 8, 9, and 10 to be tried in the District of Arizona. Accordingly,

14  Defendant Mixon's motion should be DENIED.

15    **RECOMMENDATION:**

16    In view of the foregoing, it is recommended that, after its independent review of the

17  record, the District Court **DENY** the motion to dismiss counts for lack of venue. (Doc. 150).

18    Pursuant to 28 U.S.C. § 636(b)(1)(B), defense counsel may serve and file written

19  objections to these findings and recommendations with the District Court within 14 days.

20  Thereafter, the government has ten (10) days within which to file a response to the

21  objections. If objections are not timely filed, the party's right to de novo review may be

22  waived. No reply shall be filed unless leave is granted from the District Court.

23    The Clerk of the Court is directed to send a copy of this Report and Recommendation

24  to all parties.

25    DATED this 8th day of June, 2015.

26

27  _____

28    [1]Venue for Counts 1 through 7 is not in dispute and those counts will be tried in the U.S. District Court in Tucson, Arizona.

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge