IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Wynona Mixon,<br><br>    Defendant. | CR 14-0631-TUC-JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

    The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to consolidate Counts 8 through 10. (Doc. 148) Those counts involve allegations of false answers to interrogatories in connection with an EEOC complaint that Ms. Mixon filed with the Bureau of Prisons (BOP) regarding the 8/12/11 incident. The defendant argues that Counts 8 through 10 should be consolidated because they allege falsifications of the same document, which is one unit of prosecution.

    The government responds (Doc. 161) that the defendant is charged in three separate counts, pursuant to 18 U.S.C. § 1519, because her answers were to three separate questions and she made each false statement "with the intent to impede, obstruct and influence the investigation". It argues that neither the statute nor the case law prohibits the United States from charging multiple counts for multiple false entries in a single document

    The defense conceded at the motion hearing that although it moves the Court to use its discretion to order the government to consolidate Counts 8 through 10 into a single count,

1 consolidation is preferred but not mandatory. The government answered that each of the
2 false answers covers a separate matter. It is not improper to charge each false answer
3 separately, and the District Court may take into account how the three counts might affect
4 sentencing.

5 The Court finds that Counts 8, 9, and 10 of the superceding indictment all refer to the
6 same document, Ms. Mixon's answers to interrogatories. Each Count references a separate
7 statement that Ms. Mixon offered in response to those interrogatories. These separate
8 statements, charged separately in Counts 8, 9, and 10, are analogous to the separate
9 statements charged together as subparts in Counts 5, 6, and 7. In these earlier counts, the
10 government grouped together all statements made on a particular occasion to a particular
11 person because those statements constituted a single unit of prosecution. The same rule
12 should apply to the statements that constitute Counts 8, 9, and 10 because they were made
13 at a particular time, and submitted together for a particular purpose. The motion to
14 consolidate Counts 8-10 should be GRANTED.

15 **Charges:**

16 The defendant was originally charged on 4/2/14 in a one count indictment with sexual
17 abuse of an inmate occurring on 8/12/11, in violation of Title 18 United States Code
18 §2243(b). (Doc. 1) On 2/4/15 she was charged in a superseding indictment with four counts
19 of sexual abuse of an inmate (Counts 1-4), in violation of Title 18 United States Code
20 §2243(b); three counts of knowingly and willfully making materially false statements in a
21 matter within the jurisdiction of the Federal Bureau of Prisons (FBOP) (Counts 5-7), in
22 violation of Title 18 United States Code § 1001; and three counts of knowingly falsifying
23 written answers to interrogatories with the intent to impede, obstruct and influence an
24 investigation and the administration of a matter within the jurisdiction of the Federal Bureau
25 of Prisons and the FBI (Counts 8-10), in violation of 18 U.S.C. § 1519. (Doc. 93)

26 **DISCUSSION**:

27 Counts 8 through 10 of the superceding indictment charge Defendant Mixon with
28 answering three questions in a set of interrogatories falsely, under penalty of perjury, in a

1 matter within the jurisdiction of the FBOP and the FBI, with the intent to impede the
2 investigation. Those counts are charged under 18 U.S.C. § 1519, which carries a maximum
3 penalty of 20 years in prison for each count. Section 1519 requires the government to prove
4 that the defendant falsified a document or made a false entry in a document. Counts 5, 6, and
5 7 charge false statements to federal employees or agents and are charged pursuant to 18
6 U.S.C. § 1001, which carries a maximum penalty of 5 years. Section 1001 requires the
7 government to prove that the defendant made a materially false statement.

8 The government consolidated 4 statements into Count 5 and 8 statements into each
9 of Counts 6 and 7. It chose to charge each of three answers from a single interrogatory
10 document in Counts 8 through 10, exposing the defendant to up to 20 years in prison for each
11 of the three counts. The United States Attorneys' Manual states, in order to "promote the fair
12 administration of justice" and to give the "perception of justice", United States Attorneys
13 should charge as few separate counts as reasonably necessary in an indictment to fully
14 prosecute and to provide for a fair sentence on conviction. *U.S. Attorneys' Criminal*
15 *Resource Manual § 215.* Consolidation is recommended, although not mandated, so long as
16 the limitation does not jeopardize successful prosecution or preclude a sentence that is
17 befitting of the offense. *Id.*

18 The defendant cited the Court to *Fisher v. U.S.*, 231 F.2d 99 (9th Cir. 1956) for the
19 proposition that false statements contained in one document should be charged in one count.
20 The Court in *Fisher* held that any doubt in determining the unit of prosecution "should be
21 resolved against turning a single transaction into a multiple offense." *Id.* at 103. The
22 defendant also argued that making a number of false statements to a lending institution in a
23 single document constitutes only one criminal violation, pursuant to 18 U.S.C. § 1014, which
24 is analogous to the present case. *U.S. v. Thibadeau*, 671 F.2d 75, 79 (2nd Cir. 1982), *citing*
25 *U.S. v. Sue*, 586 F.2d 70, 71 (8th Cir. 1978). Finally, the case of *Brown v. U.S.*, 623 F.2d 54,
26 57-8 (9th Cir. 1980), was cited to support the defendant's argument that where a defendant
27 makes two false statements in a single document, and there is no clear intent by Congress to
28 impose cumulative punishment, the offense is a single transaction and should be charged in

1  a single count. *Brown* did not address the charging decision but held that the imposition of
2  consecutive sentences was error. The defendant also cited the Court to *Yates v. U.S.*, U.S.
3  Supreme Court. No. 13-7451 (Doc. 165-1) for the proposition that the Supreme Court
4  Justices are concerned about § 1519 being used to overcharge defendants by exposing them
5  to unnecessarily harsh penalties.

6  In its response, the government distinguishes the cases cited. It claims that nothing
7  mandates that it charge the three statements in one count. It argues that each false answer
8  is a discrete false entry which can be charged separately and the issue of sentencing should
9  be left to the District Court judge.

10  In the present case, the proper unit of prosecution is each separate "record, document,
11  or tangible object" that the defendant is accused of falsifying. *See* 18 U.S.C. § 1519; *U.S. v.*
12  *Schmeltz*, 667 F.3d 685, 688 (6th Cir. 2011) (holding that, 'falsifies' clause of § 1519 was
13  intended to punish the falsification of a document, rather than specific statements within a
14  document.) . The separate statements, charged separately in Counts 8, 9, and 10, should be
15  combined into one count because they all were made in a single document allegedly made
16  "with the intent to impede, obstruct, or influence the investigation" of a single matter. *Id*.

17  ### *Conclusion*:

18  The Court finds that Counts 8, 9, and 10 should be consolidated. Accordingly,
19  Defendant Mixon's motion should be GRANTED.

20  **RECOMMENDATION:**

21  In view of the foregoing, it is recommended that, after its independent review of the
22  record, the District Court **GRANT** the motion to consolidate Counts 8, 9, and 10. (Doc. 148).

23  Pursuant to 28 U.S.C. § 636(b)(1)(B), government's counsel may serve and file
24  written objections to these findings and recommendations with the District Court within 14
25  days. Thereafter, defense counsel has ten (10) days within which to file a response to the
26  objections. If objections are not timely filed, the party's right to de novo review may be
27  waived. No reply shall be filed unless leave is granted from the District Court.
28  The Clerk of the Court is directed to send a copy of this Report and Recommendation

1 | to all parties.

2 |     DATED this 16th day of June, 2015.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge