# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00631-001-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Wynonna Mixon, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Bowman, in which she recommends that the Court deny Defendant's "Motion to Dismiss for Outrageous Governmental Conduct." (Doc. 136.) On March 18, 2015, Defendant filed her Objection to the Report and Recommendation. (Doc. 141.) The Government filed its Response on March 23, 2015. (Doc. 142.) Because Defendant's Objection fails to undermine the proper analysis and conclusion of the Magistrate Judge, the objections are rejected and the Court will adopt the Report and Recommendation.[1]

///
///
///

---

[1] The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**BACKGROUND**

In her Motion to Dismiss for Outrageous Government Conduct, Defendant requests that the Court dismiss the charge[2] against her due to the alleged misconduct of FBI Agent DeSouza, during the investigation, which included: acting as an advocate for inmate Goins, bolstering Goins's version of the events, intervening to halt a criminal investigation of inmate Goins, sanitizing Goins's criminal record in order to make him a more viable witness, and improperly selecting and interviewing biased potential witnesses because Agent DeSouza presumed Defendant was guilty. (Doc. 29.) At the Defendant's request, the Magistrate Judge held an evidentiary hearing on March 9, 2015, and heard the testimony of three witnesses. (Doc. 160.) Although Judge Bowman summarized the testimony of these witnesses in her Report and Recommendation, she did not make any findings as to the witnesses' credibility. (Doc. 136, pp. 3-7.) Noting that the defense of outrageous government conduct is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice, Judge Bowman concluded:

> Even assuming that the defendant's contentions are true, that one agent in Ms. Mixon's investigation did not like her and did not do a top notch investigation because he presumed she engaged in misconduct, there is no legal support to dismiss her case. The Court finds no outrageous government conduct and no violation of the defendant's due process rights.

(Doc. 136, p. 8.)

In her Objection, the Defendant argues that two witnesses were not credible as borne out by their testimony. (Doc. 141.) The Defendant asserts that the Magistrate Judge erred when she failed to make necessary credibility determinations and, in the absence of such findings, this Court cannot adequately perform its responsibility to conduct a *de novo* review of the record - which is incomplete. (*Id*.) The Defendant requests the Court "re-submit the matter to the Magistrate Judge with instructions to make credibility

---

[2] At the time the Motion was filed, Defendant was charged in a single count Indictment with sexual abuse of an inmate. (Doc. 1.) That indictment has since been superceded. (Doc. 93.)

- 2 -

determinations." (*Id.*)  In the alternative, the Defendant requests that the Court dismiss the indictment under its supervisory powers based on the reprehensible investigatory and prosecutorial conduct of the government. (*Id.,* p. 8.)

## DISCUSSION

### I. The allegations of government misconduct during the investigation do not constitute outrageous government misconduct warranting dismissal.

Outrageous government conduct arises when the conduct of law enforcement officers is "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Russell*, 411 U.S. 423, 431-32 (1973)). To prevail on a claim of outrageous government conduct, a defendant must show that the government's conduct "violates due process in such a way that is so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011) (internal quotations and citations omitted).  It is therefore limited to the "extreme cases in which the government's conduct violates fundamental fairness." *Stinson*, 647 F.3d at 1209 (internal quotations and citation omitted). "The police conduct must be repugnant to the American system of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991) (internal quotations and citations omitted). Thus, it is an extremely high standard. *Id*.

In *United States v. Smith*, the Ninth Circuit noted that the courts have upheld many types of government conduct alleged to be outrageous including:

> Use of false identities by undercover agents; the supply of contraband at issue in the offense; the commission of equally serious offenses by an undercover agent as part of the investigation; the introduction of drugs into a prison to identify a distribution network; use of a heroin-using prostitute informant whose own activities were under investigation and who engaged in regular intercourse with the defendant.

924 F.2d at 897 (citations omitted). There is no bright line that dictates when "law enforcement conduct crosses the line between acceptable and outrageous." *Black*, 733 F.3d at 302. Therefore, "every case must be resolved on its own particular facts." *Id*.

(internal quotations and citations omitted).

Upon *de novo* review of the allegations of misconduct in this case, the Court concludes that the alleged government conduct does not rise to a level that is "grossly shocking and outrageous as to violate the universal sense of justice." *See Smith*, 942 F.2d at 897. Findings as to the credibility of the various witnesses who testified at the evidentiary hearing are not necessary for the Court to reach this conclusion. As Judge Bowman reasoned, even if Defendant's allegations of government misconduct are true, those allegations do not amount to outrageous conduct so egregious as to warrant dismissal. Accordingly, the Court will reject Defendant's objection and deny Defendant's request to resubmit the matter to the Magistrate Judge for further credibility findings.

**II. The Court will not consider additional claims raised by Defendant in her Objection.**

In her Objection to the Report and Recommendation, Defendant urges the Court to dismiss the indictment under its general supervisory powers should the Court reject Defendant's outrageous government conduct claim. (Doc. 141, p. 8.) Defendant's "general supervisory power" claim was not developed in her Motion to Dismiss or her Reply. (*See* docs. 29, 49.) Moreover, Defendant did not assert this claim at the evidentiary hearing before the Magistrate Judge. For this reason, the Court declines to consider Defendant's general supervisory powers argument. *See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court has discretion to refuse to consider new arguments presented for the first time in a party's objection to a Magistrate Judge's Report and Recommendation).[3] Therefore, the Court rejects Defendant's second objection to the Report and Recommendation.

///

---

[3] A Court may exercise its supervisory powers to dismiss an indictment where prosecutorial misconduct is (1) flagrant and (2) causes substantial prejudice to the defendant. *Ross,* 372 F.3d at 1110 (citation omitted). Based on the limited allegations in the record, the Court concludes that it is unlikely that the Defendant could establish either prong of this test. *See e.g. United States v. Struckman*, 611 F.3d 560, 576 (9th Cir. 2010) (dismissal of indictment as a result of government's misconduct during investigation was not warranted under supervisory powers).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (doc. 136) is accepted and adopted.
2. Defendant's Motion to Dismiss for Outrageous Government Conduct (doc. 29) is DENIED.

Dated this 20th day of August, 2015.

*Jennifer G. Zipps*
United States District Judge