# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00631-001-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | **(Re: Motion to Consolidate)** |
| Wynonna Mixon, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman (doc. 209) that recommends granting Defendant's "Motion to Consolidate Counts 8 through 10." (Doc. 148.) Judge Bowman recommends that counts 8 through 10 of the Indictment be consolidated because the false statements alleged in these counts were made in response to three interrogatories contained within a single document which was submitted on one occasion for a particular purpose. (Doc. 209.) The United States filed a notice indicating that it had no objection to the Report and Recommendation. (Doc. 217.)

Also pending before the Court is Defendant's Motion to Compel Enforcement of Magistrate's Ruling to Consolidate Counts 8-10. (Doc. 280.) Defendant requests that the Court compel the government to comply with the Magistrate Judge's ruling that the counts be consolidated. (*Id.*) Defendant, however, does not indicate that she is willing to waive grand jury presentation to permit consolidation of the counts.

**DISCUSSION**

The Government correctly noted in its initial Opposition that nothing requires that the United States charge multiple false entries contained in a single record of document as a single count. (Doc. 161, p. 3.) A finding of multiplicity is not fatal to an indictment. *See* 1A Wright & Miller, Federal Practice and Procedure (4th ed. 2008), § 145, at 98; *see also United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). When multiplicity is discovered prior to trial, the Court has discretion to either require the Government to elect on which count it will proceed or to allow the counts to proceed to trial and dismiss multiplicitous counts prior to sentencing. *See United States v. Phillips*, 962 F. Supp. 200, 201-02 (D.D.C. 1997); *see also United States v. Ankeny*, 502 F.3d 829, 839 (9th Cir. 2007) (remanding for dismissal of multiplicitous count). Where an amendment narrows the original indictment, such as the withdrawal of one offense from the jury's consideration, or adds nothing new to the original indictment, the amended indictment is not rendered void. *Thomas v. Christensen*, 846 F.2d 1383, 1383 (9th Cir. 1988) (unpublished); *United States v. Miller*, 471 U.S. 130, 145 (1985) (amendment permissible because it added nothing new and constituted no broadening of grand jury's indictment).

"Additionally, a duplicitous or multiplicitous indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). The Rules of Criminal Procedure, however, discourage the practice of asserting multiple counts for one offense. *See* 1A Wright & Miller, supra, § 142, at 12. This is because the mere making of multiple charges could prejudice the defendant with the jury. *Id.* § 145, at 100 n.10.

Finding that the presentation of counts 8-10 to the jury could cause such prejudice to the Defendant, the Court, in its discretion, will order the Government to elect which of the counts (8-10) on which it will proceed. In the alternative, the Government may elect to seek a superseding indictment consolidating counts 8-10 into one count. The Court notes that the Defendant has not expressed any objection to such consolidation.

**CONCLUSION**

IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (doc. 209) is accepted and adopted;
2. Defendant's Motion to Consolidate Counts 8 through 10 (doc. 148) is GRANTED to the extent provided in this Order;
3. Defendant's Motion to Compel Enforcement of Magistrate's Ruling to Consolidate Counts 8-10 (doc. 280) is GRANTED to the extent provided in this Order.

Dated this 25th day of September, 2015.

Jennifer G. Zipps
United States District Judge