# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Wynona Mixon,<br><br>　　　　　　Defendant. | No. CR-14-00631-001-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Bowman, recommending denial of Defendant's "Motion to Dismiss for Violation of Fed. R. Crim. P. 7(c)(1)." (Doc. 183.) On May 19, 2015, Defendant filed an Objection to the Report and Recommendation (doc. 185) and on May 28, 2015, the Government filed a Response. (Doc. 197.)  Because Defendant's Objection fails to undermine the proper analysis and conclusion of the Magistrate Judge, the Court will overrule the objection and adopt the Report and Recommendation.

## DISCUSSION

In her Motion to Dismiss, Defendant requests that the Court dismiss Count 5 of the First Superseding Indictment (doc. 93) and Counts 6b, 6g, 7d and 7e.  In the alternative, Defendant requests that the Court dismiss Counts 5a, 6b, 6g, 7d and 7e.[1]

---

[1] On September 30, 2015, the grand jury returned a Second Superseding Indictment (doc. 295), which consolidated former counts 8-10 into one count. However, because the substance of Counts 5-7 remains unaltered in the Second Superseding Indictment, the Court's conclusion and analysis are unaffected by the changes contained in the Second Superseding Indictment.

Count 5 alleges Defendant made four false statements to Unit Manager Scott Pennington of the Federal Bureau of Prisons (BOP) in violation of 18 U.S.C. § 1001. Defendant contends that any statements made to Pennington cannot constitute a violation of § 1001. According to Defendant, she could not have believed that her "excited utterances" to Pennington would be capable of influencing the decision-making process of the body to which the statement was addressed because Pennington was a co-worker, not an investigator. Defendant asserts that, to be actionable, a statement must be made to a federal investigator or agent with investigative powers.

Defendant argues that undisputed documentary evidence demonstrates that Defendant did not make the statements alleged in Counts 6b and 7d (that Jones told her Jones knew Goins from back in New York).[2] Defendant states that there are no BOP transcripts of the interview relevant to the statement in Count 6 and that with respect to Count 7, the Government's only evidence of the statement - FBI tapes - shows that it was Inmate Goins who said he told Defendant that he knew Jones from back in New York (presumably this was during the FBI's interview of Goins). Defendant's statements to FBI agents apparently were not taped.

Finally, Defendant asserts that the "alleged falsehoods" attributed to her in counts 6g (that Defendant spoke with Goins' attorney on August 1, 2011) and 7e (that Defendant claimed to be lying in toilet water on the floor of the staff bathroom) are immaterial.

## STANDARD OF REVIEW

The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

//

//

---

[2] The Court notes that in her Objection to the Report and Recommendation, Defendant refers to "Count 6b" as "Count 6g."

## DISCUSSION

**1. A false statement need not be made to a federal investigator to constitute a violation of 18 U.S.C. § 1001.**

In her Report and Recommendation, Judge Bowman concluded that neither case law nor 18 U.S.C. § 1001 requires that a false statement be made to a federal agent. The statute requires only that "the defendant knowingly and willfully made a materially false statement with regard to a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States government." (Doc. 183, p. 3.) This Court agrees.

Section 1001 provides that it is a federal crime for an individual to make any false or fraudulent statement in any matter within the jurisdiction of a federal agency. 18 U.S.C. § 1001.[3] In order to fulfill § 1001's jurisdiction requirement, the false statement must relate to the "authorized functions of an agency or department" rather than "matters peripheral to the business of that body." *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir. 1989) (quoting *United States v. Rodgers*, 466 U.S. 475, 479 (1984)). "A department or agency has jurisdiction . . . when it has the power to exercise authority in a particular situation." *Rodgers*, 466 U.S. at 479. The false statement does not need to be made to a federal agent to support a conviction under § 1001. *United States v. King*, 660 F.3d 1071, 1081 (9th Cir. 2011); *see also Facchini*, 874 F.2d at 640-41. It is necessary that the "false statement involve a matter within the agency jurisdiction *at the time it was made*." *United States v. Oren*, 893 F.2d 1057, 1064 (9th Cir. 1990) (citations omitted) (emphasis in original).

Here, the alleged false statements contained in Count 5 satisfy 18 U.S.C. § 1001's

---

[3] 18 U.S.C. § 1001 provides:

"Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact, or makes any materially false, fictitious, or fraudulent statement or representation, or makes or uses any false writing or document knowing the same to contain an materially false, fictitious, or fraudulent statement or entry shall be fined under this title, imprisoned not more than 5 years…."

jurisdiction requirement. Defendant allegedly made the false statements in Count 5 to Unit Manager Scott Pennington, a Federal Bureau of Prisons employee. The Federal Bureau of Prisons is an entity of the Department of Justice, a federal agency of the Executive Branch. Defendant's alleged false statements to Mr. Pennington concerned an incident over which the Federal Bureau of Prisons "ha[d] the power to exercise authority." *See Rodgers*, 466 U.S. at 479.  As a Unit Manager, Mr. Pennington was responsible for the oversight of the assigned unit in prison. He possessed the authority to take further action and report the conduct and statements that were alleged to have occurred within his unit. The statements to Unit Manager Pennington related to an "official, authorized[] function" of the Federal Bureau of Prisons and not a "matter peripheral to [its] business."

Defendant contends *United States v. Lyle*, 742 F.3d 434 (9th Cir. 2014) "more closely resembles the position" in her case.[4] (Doc. 185, p. 2.)  *Lyle* is inapposite.[5] In *Lyle,* the Ninth Circuit interpreted the word "tamper[ing]" as that word is used in 18 U.S.C. § 1365. 742 F.3d at 438-439. After analyzing the plain language of the statute and the legislative history, the Ninth Circuit concluded that the indictment sufficiently alleged "tamper[ing]." *Id.*  *Lyle* makes no reference to 18 U.S.C. § 1001 or to its interpretation. Here, Defendant asks the Court to find that the term "during an investigation" requires the Government to prove that the statement was made to a federal investigator in order for the indictment to be sufficient. (Doc. 185, p. 2.)  Contrary to Defendant's suggestion, 18 U.S.C. § 1001 does not contain language indicating that a false statement must be made "during an investigation" or directly to an investigator. *See also King*, 660 F.3d at

---

[4] Defendant also suggests that *United States v. Jiang,* 476 F.3d 1026 (9th Cir. 2007) supports this proposition.  In her Motion, Defendant states:  "*Jiang* sets forth the five factors required for a conviction, for making a materially false statement to a federal agent.  The statement must be to a federal agent." (Doc. 145, p. 7.) This argument is misleading. *Jiang* does not require that a statement be made to a federal agent, nor is making the statement to a federal agency one of the five elements the Government must prove to sustain a conviction under 18 U.S.C. § 1001.

[5] The only similarity between *Lyle* and this case is that that the Ninth Circuit review occurred in the context of evaluating a motion to dismiss an indictment for failure to state the offense.

1081; *Oren*, 893 F.2d at 1064; *Facchini*, 874 F.2d at 640-41. Accordingly, the Court rejects Defendant's first objection to the Report and Recommendation.

**2. Counts 5 through 7 of the First Superseding Indictment comply with Federal Rule of Criminal Procedure 7(c)(1) and properly state the offense.**

In her Report and Recommendation, Judge Bowman found that Counts 5 through 7 state all of the elements required by 18 U.S.C. § 1001 and set forth the essential facts necessary to fairly inform Defendant of the charges against her. (Doc. 183, p. 2.) In reaching this conclusion, Judge Bowman explained that the Court is not permitted to make an evidentiary finding as to whether Defendant in fact made the statements alleged in Counts 6b and 7d. (Doc. 183, pp. 2-3.) Defendant objects to Judge Bowman's reasoning. Defendant claims that the Motion can be resolved based on uncontested facts and undisputed evidence. Defendant cites Judge Fletcher's concurrence in *United States v. Jensen,* 93 F.3d 667 (9th Cir. 1996).

Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…." Fed. R. Crim. P. 7(c)(1). "In ruling on a [Rule 12(b)(3)] pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d, 911, 914 (9th Cir. 2002). The Court must accept the allegations in the indictment as true when analyzing whether a cognizable offense has been charged. *Id*.

"A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence…. The court should not consider evidence not appearing on the face of the indictment." *Jenson,* 93 F.3d at 669 (quoting *United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Id*. (citation omitted). Indeed, "a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Jenson*, 93 F.3d at 670 (Fletcher, J., concurring) (citing *United States v.*

- 5 -

*Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). However, if the pre-trial motion is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and the court must defer to the trier of fact. *Shortt Accountancy Corp.*, 785 F.2d at 1452 (quotations and citation omitted).

Here, it is inappropriate for the Court to review the Government's discovery documents to resolve Defendant's Motion to Dismiss Counts 6b and 7d of the First Superseding Indictment. Defendant's challenges to the charges in Counts 5-7 are challenges which would require the Court to consider evidence and make findings which are within the province of jury. Defendant contends that she never made the statement alleged in Counts 6b and 7d that "Jones knew Goins from back in New York" and that Government disclosure does not contain such statements. (Doc. 185, p. 3.) According to Defendant, the comparison of the allegations in the Indictment with the disclosure "is a straight forward exercise in reading comprehension." (Doc. 185, p. 3.) The Government indicates that the allegations in Counts 6b and 7d are paraphrased. Whether the Defendant made the statements is for the jury to decide. Whether the government properly documented the statements may be considered by the jury in making that determination.[6]

The Court must not make a pre-trial determination of the evidence with regard to an element of the offense. *See Jenson*, 93 F.3d at 669 (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)). Ultimately, the trier of fact must decide this matter because it requires an inference based on the evidence presented. Therefore, the Court rejects Defendant's second Objection to the Report and Recommendation.

//
//

---

[6] Defendant also claims that the Count 5 should be dismissed because it is uncontroverted that the alleged statements contained in Count 5 were not made to an investigator. However, as discussed above, while it is true that Pennington is not a federal investigator, that fact is of no moment and it does not provide a basis for the dismissal of Count 5.

- 6 -

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (doc. 183) is accepted and adopted.
2. Defendant's Motion to Dismiss for Violation of Fed. R. Crim. P. 7(c)(1) (doc. 145) is DENIED.

Dated this 13th day of October, 2015.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge