# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00631-001-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Wynonna Mixon, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman that recommends denying Defendant's "Motion to Dismiss for Lack of Venue." (Doc. 205.) In her Report and Recommendation, the Magistrate Judge concluded: "the government having alleged that the offenses charged in Counts 8, 9, and 10 occurred in Arizona, the issue of venue is to be decided by the fact finder at trial. The government must prove venue by a preponderance of the evidence. A jury instruction to that effect is proper, if requested by the defendant."

Defendant filed Objections to the Report and Recommendation on June 17, 2015. (Doc. 208.) The Government filed a Response on July 1, 2015. (Doc. 218.)

Because the objections raised by Defendant fail to undermine the proper conclusion of the Magistrate Judge, the objections are rejected and the Report and Recommendation is adopted.

//

//

**STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**DISCUSSION**

Defendant moves to dismiss counts 8-10 of the First Superseding Indictment, pursuant to Fed. R. Crim. P. 12(b), on the grounds that the counts fail to state facts sufficient to establish venue in the District of Arizona. (Doc. 150, p. 1.)[1] Defendant argues that the interrogatories at issue were "falsified" for the purpose of 18 U.S.C. § 1519 in Washington, D.C., where they were prepared and mailed by Defendant's attorneys or, alternatively, in Atlanta, Georgia, where they were received by Bureau of Prison attorneys. Defendant contends that her actions in Arizona, including responding to and signing the interrogatories, were merely "preparatory" and that it is the subsequent filing or mailing of the false document that should form the basis for venue.

Generally speaking, venue is a question of fact on which the government bears the burden of proof at trial. *United States v. Casch*, 448 F.3d 1115, 1117 (9th Cir. 2006). "The sufficiency of the evidence to justify a finding on venue, by contrast, is a question of law for the court." *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012). If a defect in venue is clear on the face of the indictment, a defendant's objection must be raised before trial. Fed. R. Crim. P. 12(b)(3)(A)(i) (venue must be raised by pretrial motion where it can be determined without a trial on the merits); *see also United States v. Johnson*, 297 F.3d 845, 861 (9th Cir. 2002) (venue is a waivable defense). In such cases,

---

[1] After Defendant's motion was filed and heard and a Report and Recommendation issued, the Government obtained a Second Superseding Indictment (doc. 295), which consolidated counts 8-10 into one count – count 8. For purposes of consistency, and because it does not affect the analysis, the Court continues to refer to counts 8-10 as alleged in the First Superseding Indictment in its Order resolving Defendant's Motion to Dismiss Counts 8-10.

1 the Court may not consider extrinsic evidence and must determine "whether the indictment contained allegations of fact that, if true, would sustain venue in the District of Arizona." *Johnson*, 297 F.3d at 861; *see also United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

There is no defect in venue that is clear on the face of the First Superseding Indictment. Counts 8-10 each allege that "on or about February 23, 2012, in the District of Arizona, defendant, Wynona Mixon, did knowingly falsify records, documents, and tangible objects, that is, written answers to interrogatories, under penalty of perjury, in Case No. BOP-2011-0111 . . . . " (*Id.*) Each count specifies a particular statement allegedly made by Defendant in the written answers to interrogatories. (Doc. 93.)

There is no dispute that all of Defendant's actions in responding to the interrogatories occurred in Arizona – the forum district. In arguing that Defendant's actions were merely preparatory, Defendant is, in essence, arguing that Defendant did not make the statements contained in the interrogatories. (*See* doc. 208, pp. 4-5.) Whether the Defendant made the statements (on her own initiative or by adopting responses suggested to her by her attorneys after discussion with her), and whether those statements were made in the District of Arizona, are issues for the jury to determine.

As there is no defect in venue apparent on the face of the indictment, the Court finds that the indictment is sufficient to support a finding of venue in the District of Arizona. The Report and Recommendation is adopted and Defendant's Motion to Dismiss is denied.

//
//
//
//
//
//
//

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (doc. 205) is accepted and adopted;
2. Defendant's Motion to Dismiss for Lack of Venue is (doc. 150) is DENIED.

Dated this 13th day of October, 2015.

Jennifer G. Zipps
United States District Judge